

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2006

# Haynes v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3244

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Haynes v. Atty Gen USA" (2006). *2006 Decisions.* Paper 64.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/64

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3244
_____

WILFRED HAYNES,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of a Decision of
the Board of Immigration Appeals
Immigration Judge Walter A. Durling
(Agency No. A38 123 630)

_____

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2006

Before: RENDELL, AMBRO and ROTH, Circuit Judges

(Filed December 20, 2006)

_____

OPINION
_____

PER CURIAM

Wilfred Haynes, a native and citizen of Barbados, petitions for review of a final

order of removal. For the reasons set forth below, we will grant the Government's

motion to dismiss the petition for review for lack of jurisdiction.

Haynes entered the United States in 1983. It appears that he initially came here in 1980 and became a lawful permanent resident after he married a United States citizen. In 1995, an order to show cause was issued charging him with deportability based upon his convictions in 1984 in New York state court for criminal possession of marijuana in the second degree and criminal possession of a weapon in the third degree. In 1996, an Immigration Judge ordered Haynes' deportation in absentia. In 2003, an Immigration Judge granted Haynes' motion to reopen the immigration proceedings. Haynes argued that he recently learned of the deportation order, and that reopening was warranted so that he could apply for a waiver of deportation under former § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed), as permitted by INS v. St. Cyr, 533 U.S. 289 (2001).

In 2004, an Immigration Judge held a hearing on the merits of Haynes' request for relief from removal. The Immigration Judge considered Haynes' extensive criminal history in the United States, which included felony and misdemeanor convictions spanning from 1984 through 2002, his family ties, and the number of years he had lived here. The Immigration Judge decided, as a matter of discretion, that a waiver of deportation under § 212(c), and cancellation of removal under 8 U.S.C. 1229b, were not warranted. The Immigration Judge noted that a § 212(c) waiver was not available for Haynes' weapons offense.

The Immigration Judge told Haynes that he had a right to appeal the decision.

2

Although Haynes replied that he did not wish to appeal, he then filed an appeal with the Board of Immigration Appeals ("BIA"). Shortly thereafter, Haynes wrote a letter to the BIA and stated that he wished to withdraw his appeal. The BIA issued an order stating that it had been advised that Haynes' appeal had been withdrawn, and there was nothing pending before it.

Haynes then filed a motion to reopen the proceedings and stated that he wanted to pursue an appeal. He explained that he withdrew his appeal when he was tired and in disagreement with his family. In a separate filing, Haynes stated that he withdrew his appeal to spare his family further injury. The BIA denied the motion, explaining that Haynes had not shown that the withdrawal of his appeal was not knowing and intelligent, and that he had not demonstrated a basis for reopening the proceedings.

Haynes then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in District Court challenging his final order of removal. The District Court transferred the petition to this Court pursuant to Section 106(c) of the Real ID Act to be treated as a petition for review.[1] The Government moves to dismiss the petition for review for lack of jurisdiction. Haynes did not respond to the Government's motion.

The Government correctly argues that the Court lacks jurisdiction to review Haynes' removal order because he did not exhaust his administrative remedies. See 8

---

[1]Although the Government began deportation proceedings before April 1, 1997, the transitional rules in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 do not apply. A transitional rules case is treated as if it had been filed as a petition for review under 8 U.S.C. § 1252, as amended by the Real ID Act. See Real ID Act, Section 106(d).

U.S.C. § 1252(d)(1) (providing that a court may review a final order of removal only if the alien has exhausted all available administrative remedies); Duvall v. Elwood, 336 F.3d 228, 232-33 (3d Cir. 2003) (holding that the exhaustion requirement is jurisdictional). To exhaust his administrative remedies, Haynes was required to file an appeal to the BIA. See Bonhometre v. Gonzales, 414 F.3d 442, 447-48 (3d Cir. 2005) (discussing exhaustion requirement).

Although Haynes filed an appeal to the BIA, he then wrote the BIA a letter and stated that he wished to withdraw the appeal. The administrative record does not suggest that Haynes took this step unknowingly. The BIA rejected Haynes' later attempt to pursue his appeal after he changed his mind again. Because Haynes did not exhaust his administrative remedies, we lack jurisdiction to review the final order of removal.

Accordingly, we will dismiss the petition for review for lack of jurisdiction.[2]

---

[2]Because we conclude that we lack jurisdiction to review the final order of removal on this basis, we need not address the other grounds for dismissal asserted by the Government in its motion to dismiss. To the extent Haynes' habeas petition may be construed as seeking review of the BIA's decision denying his latest motion to reopen the proceedings, Haynes has not shown that the BIA abused its discretion.